UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>TAC FINANCIAL, INC.,<br><br>Debtor,<br><br>DIRECT BENEFITS, LLC, and<br>ANDREW C. GELLENE,<br><br>Appellants,<br><br>CHRISTOPHER R. BARCLAY, Chapter 7 Trustee, and REMAR INVESTMENTS, LP,<br><br>Appellees. | Case No.: 17cv00381-AJB-BGS<br><br>**ORDER:**<br><br>**(1) DENYING REMAR INVESTMENTS, LP'S MOTION TO SUPPLEMENT THE RECORD ON APPEAL;**<br><br>**(2) GRANTING IN PART AND DENYING IN PART REMAR'S REQUEST FOR JUDICIAL NOTICE;**<br><br>**(3) DENYING APPELLANTS' CROSS MOTION TO SUPPLEMENT THE RECORD; AND**<br><br>**(4) DENYING AS MOOT CHRISTOPHER BARCLAY'S MOTIONS TO STRIKE**<br><br>(Doc. Nos. 29, 31, 38, 42) |

Presently before the Court are several motions: Remar Investment, LP's ("Remar") motion to supplement the record on appeal, (Doc. No. 29), Appellants Direct Benefits, LLC, and Andrew C. Gellene's (collectively referred to as "Appellants") conditional cross motion to supplement, (Doc. No. 31), and Christopher R. Barclay, the Chapter 7 Trustee's (the "Trustee") two motions to strike, (Doc. No. 38, 42). Pursuant to Civil Local Rule 7.1.d.1, the Court finds these matters suitable for disposition on the papers and without oral argument. As explained more fully below, the Court **DENIES** Remar's motion to supplement, **DENIES** Appellants' conditional cross motion to supplement, **GRANTS IN PART AND DENIES IN PART** Remar's request for judicial notice, **DENIES** Appellants' request for judicial notice, and **DENIES AS MOOT** the Trustee's motions to strike. (Doc. Nos. 29, 31, 38, 42.)

## **BACKGROUND**

The instant appeal revolves around a certain life insurance policy held by Mr. Roy Eder, the former chief executive officer of Debtor TAC Financial, Inc. ("TAC"). (Doc. No. 44-1 at 3.) In June or July of 2014, after Mr. Eder was diagnosed with terminal brain cancer, he allegedly transferred ownership of the life insurance policy from TAC to himself. (*Id*.) In December of 2014, Mr. Eder sold the policy to Remar for $2,025,300, subject to Mr. Eder retaining a $1,100,000 death benefit until the policy would become uncontestable. (*Id*.)

On January 6, 2015, TAC filed a Chapter 7 bankruptcy petition. (*Id*. at 4.) The Trustee assigned to TAC then brought an adversary proceeding alleging nine causes of action against various defendants, including: (1) fraudulent conveyance; (2) recovery from subsequent transferors' conversion; (3) conversion; (4) two causes for breach of fiduciary duty; (5) negligence; and (6) injunctive relief. (*Id*.)

Currently, the issue before this Court is the settlement between Remar and the Trustee, wherein the Trustee was to assign the life insurance policy and 93% of its proceeds ($4,383,903.02) in exchange for Remar assigning its fraud claims against Eder to the Trustee so that it could prosecute them. (Doc. No. 1-3; Doc. No. 44 at 9; Doc. No. 44-1 at

14–15.) Moreover, the settlement stated that the parties would enter into a general mutual release agreement as to the adversary proceeding and that the Trustee would dismiss the estate's claim against Remar with prejudice. (Doc. No. 48 at 8.) Appellants objected to this settlement arguing that it was not fair and equitable to creditors nor in the best interests of the bankruptcy estate. (*Id.*) Nonetheless, the bankruptcy court overruled the objections and approved this settlement. (*Id.*)

On February 24, 2017, Appellants filed their notice of appeal from the bankruptcy court. (Doc. No. 1.) Thereafter, Appellants filed their brief on May 1, 2017, (Doc. No. 10), and Appellee the Trustee filed its brief on May 15, 2017, (Doc. No. 12). On May 30, 2017, Appellants filed a motion to stay disbursement of the policy proceeds, (Doc. No. 16), and an ex parte motion to shorten time to respond to the motion, (Doc. No. 18). Both motions were denied on June 30, 2017, (Doc. No. 28), and June 1, 2017, respectively, (Doc. No. 22).

On August 3, 2017, Remar filed the present motion, its motion to supplement the record on appeal. (Doc. No. 29.) Subsequently, on August 17, 2017, Appellants filed their conditional cross motion to supplement. (Doc. No. 31.) The Trustee did not file an opposition to Remar's motion by the briefing schedule set by the Court. (Doc. No. 30.) Instead, the Trustee filed its opposition to Appellants' motion on August 25, 2017. (Doc. No. 37.) Then on August 25, 2017, and September 12, 2017, the Trustee filed its motions to strike. (Doc. Nos. 38, 42.) This Order now follows.

## **LEGAL STANDARD**

A. <u>Motion to Supplement the Record</u>

Under Federal Rule of Appellate Procedure 10(e) "[i]f anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded: (A) on stipulation of the parties; (B) by the district court before or after the record has been forwarded; or (C) by the court of appeals." Fed. R. App. P. 10(e). This rule is construed "narrowly" and "normally the reviewing court will not supplement the record on appeal

with material not considered by the lower court." *In re Khoe*, 255 B.R. 581, 585 (E.D. Cal. 2000) (citation omitted).

B. <u>Motion to Strike</u>

Under Federal Rule of Civil Procedure 12(f), on its own or by motion, the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). The Court must view "the pleadings in the light most favorable to the non-moving party . . . ." *Cal. Dept. of Toxic Substances Control v. Alco Pac. Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002). "Any doubt concerning the import of the allegations to be stricken weighs in favor of denying the motion to strike." *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 614 (N.D. Cal. 2007).

**DISCUSSION**

A. <u>Motion to Supplement the Record</u>

Remar moves the Court to supplement the record or to take judicial notice of (1) a certified copy of the court-filed transcript of proceedings held on July 12, 2017, in the bankruptcy court regarding the joint motion by Remar and by the Trustee in the Chapter 7 bankruptcy; (2) the settlement agreement and mutual release entered into between the Trustee and Andrea Eder; and (3) the settlement agreement and mutual release entered into between the Trustee and Remar. (Doc. No. 29-1 at 2.) Specifically, Remar claims that this Court acting as the appellate court may take judicial notice of matters which have occurred after the order being appealed. (*Id*. at 3–7.)

Appellants responded by stating that they agreed with Remar's motion as it would be necessary to give the Court a complete picture of the record on appeal. (Doc. No. 31 at 2.) However, Appellants contend that Remar's supplement does "not go far enough" and thus they seek a conditional cross motion to supplement the record with (1) papers filed by

4

the Trustee to propose the Eder Settlement; (2) papers filed by Appellants to oppose approval of the Eder Settlement; (3) papers filed by Remar to oppose approval of the Eder Settlement; (4) the Trustee's opposition to Appellants' motion to stay; (5) Remar's opposition to Appellants' motion to stay; and (6) the papers Appellants filed on August 21, 2017, to amend their motion to stay. (*Id*. at 3; Doc. No. 31-3.) The Trustee opposes both Remar and Appellants' motions to supplement the record on appeal. (Doc. No. 37.)

"It is a basic tenet of appellate jurisprudence . . . that parties may not unilaterally supplement the record on appeal with evidence not reviewed by the court below." *Lowry v. Barnhart*, 329 F.3d 1019, 1024–25 (9th Cir. 2003) (citation omitted); *see also Conservation NW v. Sherman*, 715 F.3d 1181, 1188 (9th Cir. 2013) ("We apply a general rule against entertaining arguments on appeal that were not presented or developed before the district court." (quoting *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010)); *In re Khoe*, 255 B.R. at 585 (finding that "normally the reviewing court will not supplement the record on appeal with material not considered by the lower court."). However, the Court is familiar that federal courts of appeal have the inherent equitable power to supplement the record. *Dickerson v. State of Alabama*, 667 F.2d 1364, 1367 n.5 (11th Cir. 1982), *cert denied*, 459 U.S. 878 (1982). However, we should exercise that discretion "[o]nly in extraordinary situations." *Barilla v. Ervin*, 886 F.2d 1514, 1521 n.7 (9th Cir. 1989), *overruled on other grounds by Jacobus v. Alaska*, 338 F.3d 1095 (9th Cir. 2003).

Presently, Remar argues that its motion to supplement is to guide this Court in the timing of issuing its decision on this appeal and in the future disposition of this case, and to simply inform this Court of related proceedings now actively proceeding in bankruptcy court that are "inter-twined" with the subject of this appeal. (Doc. No. 29-1 at 4.) Specifically, Remar moves to supplement the record based on Federal Rule of Bankruptcy 8011 and Federal Rule of Appellate Procedure 10(e). (*Id*. at 2.) Appellants' conditional cross motion to supplement the record seeks to add documents and declarations to provide the Court an even more complete understanding of the case. (Doc. No. 31 at 4.)

First, the Court finds that motions to supplement the appellate record generally apply Rule 10(e) of the Federal Rules of Appellate Procedure. *See In re Khoe*, 255 B.R. at 585. Next, based on the arguments presented by both Remar and Appellants, the Court does not find that the additional documents related to the Eder Settlement would be necessary in helping aid this Court in determining whether the Remar Settlement was fair and equitable to creditors and in their best interests. Moreover, Remar and Appellants fail to provide the Court with any relevant and applicable legal authority suggesting that the Court has discretion to supplement the record under the present circumstances. Instead, Remar's moving papers focus on how this motion is properly before this Court instead of the trial (bankruptcy) court, by citing to New York bankruptcy court case law. (Doc. No. 29-1 at 8.) Moreover, Appellants' moving papers seem to re-argue the main issues present in the current appeal and similarly cites to inapplicable case law from New York bankruptcy court. (*See generally* Doc. No. 31.)

Consequently, being concerned only with the record before the bankruptcy judge when his decision was made and finding no extraordinary circumstances to supplement the record on appeal, the Court **DENIES** Remar's motion to supplement the record on appeal and Appellants' conditional cross motion to supplement.[1] *See Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988) ("Papers not filed with the district court or admitted into evidence by that court are not part of the clerk's record and cannot be part of the record on appeal."); *see also United States v. Walker*, 601 F.2d 1051, 1054–55 (9th Cir. 1979) (affidavits that "were not part of the evidence presented to the district court" would not be considered on appeal.").

///
///

---

[1] The Court notes that Appellants stated in their moving papers that if the Court were to deny their conditional cross motion to supplement that the Court also deny Remar's motion to supplement the record on appeal. (Doc. No. 31 at 2.)

B. Judicial Notice

Remar and Appellants also request the Court judicially notice the same documents listed *supra* pp. 4–5. (Doc. No. 29-1 at 1; Doc. No. 31 at 7.) Federal Rule of Evidence 201 states that a court "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

First, the Court notes that it disagrees with the case law employed by Remar to argue that this Court may take judicial notice of filings or developments in related proceedings, which take place after the judgment appealed from.[2] (Doc. No. 29-1 at 5–6.) Remar cites to *Overstreet v. United Brotherhood of Carpenters & Joiners of Am. Local Union No. 1506*, 409 F.3d 1199, 1203 n.7 (9th Cir. 2005), to provide support for its argument that judicial notice of the Eder settlement documents is proper. However, in *Overstreet*, the court found appropriate judicial notice of the administrative law judge's decision—a decision that was issued after the district court entered its order—as it was an "adjudicative fact, and neither its existence nor its contents [were] disputed." *Id*. 1203 n.7. Here, Remar completely ignores the clear holding from the court in *Overstreet* and fails to argue that the declarations and exhibits it seeks judicial notice of can be categorized as "adjudicative facts."

Next, the Court highlights that it is cognizant that judicial notice of pleadings and other court filings is generally granted. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *see also Asdar Grp. v. Pillsbury, Madison & Sutro*, 99 F.3d 289, 290 n.1 (9th Cir. 1996) (finding that the court could take judicial notice of pleadings and court orders in related proceedings); *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (holding

---

[2] The Court highlights that Appellants' conditional cross motion to supplement through judicial notice is mainly dependent on the arguments and case law that Remar uses in its motion. (*See generally* Doc. No. 31.) Thus, the Court focuses its analysis on the contentions provided by Remar.

7

that a court may take judicial notice of "proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (citation omitted). The Court, however, declines to judicially notice the documents regarding the Eder Settlement finding that these documents are not relevant to the issue at hand. Though both parties contend that the Eder and Remar Settlement are "inter-twined," the Court is not persuaded by these conclusory and disputed argumentative contentions. The Court notes that both parties have conceded that the main issue of the present appeal is whether the Remar Settlement was fair and equitable to its creditors. (Doc. No. 29-1 at 4; Doc. No. 31 at 3.) Thus, the Court **DENIES** Remar's request for judicial notice of exhibit one and two as they pertain to the Eder settlement. (Doc. No. 29-1 at 2.) However, as Remar's exhibit 3 is a settlement agreement and mutual release entered into by the Trustee and Remar and is also a filing from the bankruptcy court, the Court **GRANTS** judicial notice of this exhibit. However, the Court takes judicial notice of this document filed in bankruptcy court "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *San Luis v. Badgley*, 136 F. Supp. 2d 1136, 1146 (E.D. Cal. 2000) (citation omitted).

As to Appellants' conditional motion to supplement the record on appeal through judicial notice, the Court finds that all of the exhibits relate to the Eder settlement. Thus, the Court declines to take judicial notice of the documents and **DENIES** Appellants' request for judicial notice.

Based on the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** Remar's request for judicial notice and **DENIES** Appellants' request for judicial notice.

C.    Motion to Strike

The Trustee filed two motions to strike. The first was a motion to strike the declaration of Andrew L. Jirank in support of Appellants' conditional opposition to Remar's motion to supplement the record on appeal; (2) Exhibits 1 through 11 filed by Appellants with their conditional cross motion; and (3) the declaration of Jon F. Gauthier. (Doc. No. 38 at 2.) Second, Trustee moves to strike Appellants' opposition to Trustee's

motion to strike declarations and documents filed with the motion to supplement the record on appeal. (Doc. No. 42.) As the Court has denied Remar and Appellants' motions to supplement the record, the Trustee's motions to strike are **DENIED AS MOOT**.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Remar's motion to supplement the record, **GRANTS IN PART AND DENIES IN PART** Remar's request for judicial notice, **DENIES** Appellants' conditional cross motion to supplement the record, **DENIES** Appellants' request for judicial notice, and **DENIES AS MOOT** the Trustee's motions to strike. (Doc. Nos. 29, 31, 38, 42.)

**IT IS SO ORDERED**.

Dated: November 22, 2017

Hon. Anthony J. Battaglia
United States District Judge