UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>TAC FINANCIAL, INC.,<br>　　　　　　　　　　　　　Debtor,<br><br>DIRECT BENEFITS, LLC, and<br>ANDREW C. GELLENE,<br>　　　　　　　　　　　　　Appellants,<br><br>CHRISTOPHER R. BARCLAY, Chapter 7 Trustee, and REMAR INVESTMENTS, LP,<br>　　　　　　　　　　　　　Appellees. | Case No.: 17-cv-00381-AJB-BGS<br><br>**ORDER DENYING THE LAW OFFICE OF WILLIAM P. FENNELL, APLC'S MOTION TO WITHDRAW AS ATTORNEY OF RECORD**<br><br>(Doc. No. 59) |

Presently before the Court is the Law Office of William P. Fennell, APLC's ("the Fennell Firm") motion to withdraw as local counsel of record for Appellants Andrew C. Gellene and Direct Benefits, LLC. (Doc. No. 59.) Appellants oppose the motion. (Doc. No. 62.) For the reasons explained in more detail below, the Court **DENIES** the motion.

## DISCUSSION

The instant case is an appeal from the order entered in the bankruptcy proceeding pending as *In re Tac Financial, Inc*. (Doc. No. 1.) Appellants retained the Fennell Firm to serve as local counsel in connection with this bankruptcy proceeding. (Doc. No. 59 at 3.) According to the Fennell Firm, it believed that Appellants would be represented by it as

1

well as their General Counsel. (*Id*.)

The Fennell Firm now seeks to withdraw as local counsel as there "has been a breakdown in communication with the [Appellants] and General Counsel and this breakdown in communication has made it unreasonably difficult for the Fennell Firm to carry out its employment effectively and efficiently." (*Id*. at 2.) The Fennell Firm provided written notice to Appellants that it would need to withdraw. (*Id*. at 5.) However, as of the date of its motion, Appellants and General Counsel have not signed a Stipulation for Withdrawal of Counsel or a Substitution of Counsel. (*Id*.)

In opposition, Appellants argue that if this motion were to be granted it would be prejudicial to them as it would leave them without local counsel for the appeal. (Doc. No. 62 at 2.) Additionally, Appellants assert that the Fennell Firm seeks withdrawal despite being pre-paid for its service as local counsel and that it has failed to provide any specific instances where communication has failed. (*Id*. at 4–5.)

An attorney may not withdraw as counsel except by leave of court. *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992). "The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Kassab v. San Diego Police Dep't*, No. 07cv1071 WQH (WMc), 2008 WL 251935, at *1 (S.D. Cal. Jan. 29, 2008) (citation omitted). Moreover, the motion for leave to withdraw must be supported by "good cause." *Evolv Health, LLC v. Cosway USA Inc.*, No. 2:16-cv-01602-ODW (ASx), 2017 WL 1534184, at *2 (C.D. Cal. Apr. 26, 2017) (citation omitted). In determining whether good cause is shown, courts have considered: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Beard v. Shuttermart of Cal., Inc.*, No. 07CV594 WQH (NLS), 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008) (citation omitted).

Pursuant to Civil Local Rule 83.3 "[a] notice of motion to withdraw as attorney of record must be served on the adverse party and on the moving attorney's client." CivLR 83.3.f.3.a. Additionally, a declaration "pertaining to such service must be filed." *Id*. at f.3.b.

Additionally, under the California Code of Professional Conduct, permissive withdrawal is permitted if the client (1) "insists upon presenting a claim or defense that is not warranted under existing law . . . ."; (2) "seeks to pursue an illegal course of conduct"; (3) "by other conduct renders it unreasonably difficult for the member to carry out the employment effectively"; or (4) "[t]he inability to work with co-counsel indicates that the best interests of the client likely will be served by withdrawal[.]" Cal. R. Prof. Conduct 3-700(c).

As currently pled, the Fennell Firm's motion to withdraw is silent as to the circumstances that has made it difficult for it to carry out its responsibilities in this case effectively. Specifically, it does not set forth any facts concerning the relevant circumstances or explain the conditions that are impeding effective litigation in this action. (*See generally* Doc. No. 59.) Moreover, Mr. Fennell's declaration only repeats the same general and broad argument present in his motion to withdraw—asserting that withdrawal is necessary based on a "complete breakdown in communications." (Fennell Decl. ¶ 3, Doc. No. 59-1.)

Based on the limited and scarce arguments in support of its motion, the Court cannot determine whether the circumstances justify the Fennell Firm's withdrawal from the instant matter. Thus, without more, the Fennel Firm has not demonstrated the good cause necessary to permit withdrawal. *See Kirkland v. Golden Boy Promotions, Inc.*, No. CV 12-07071 MMM (RZx), 2013 WL 12138685, at *2 (C.D. Cal. May 8, 2013) (denying counsels' motion to withdraw as they had failed to detail the circumstances that made it "unreasonably difficult for them to litigate the case effectively."); *see also BSD, Inc. v. Equilon Enter., LLC*, No. C 10-5223 SBA, 2013 WL 942578, at *3 (N.D. Cal. Mar. 11, 2013) ("While the Court recognizes that Bleau Fox is concerned, and rightly so, about disclosing attorney-client privileged information, it nonetheless must provide the Court with an adequate factual basis for its request to withdraw as counsel of record for Youstine."); *McNally v. Eye Dog Foundation for the Blind, Inc.*, No. 1:09-cv-01184-AWI-SKO, 2011 WL 1087117, at *1 (E.D. Cal. Mar. 24, 2011) (denying the motion to withdraw stating that while "attorney-client privilege prevents [counsel] from setting forth details

regarding the communication breakdown on the record, he vaguely states that '[c]ommunication with Defendants in one respect has been hindered'" and "makes no attempt to request to file a sealed declaration regarding these events."). Accordingly, the Fennell Firm's motion to withdraw as local counsel of record is **DENIED**.

**IT IS SO ORDERED**.

Dated: April 27, 2018

                                                 Hon. Anthony J. Battaglia
                                                 United States District Judge