UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>TAC FINANCIAL, INC.,<br>　　　　　　　　　　　　Debtor,<br><br>DIRECT BENEFITS, LLC, and<br>ANDREW C. GELLENE,<br>　　　　　　　　　　　　Appellants,<br><br>CHRISTOPHER R. BARCLAY, Chapter 7 Trustee, and REMAR INVESTMENTS, LP,<br>　　　　　　　　　　　　Appellees. | Case No.: 17-cv-00381-AJB-BGS<br><br>**ORDER GRANTING ANDREW L. JIRANEK'S UNOPPOSED MOTION TO WITHDRAW AS COUNSEL FOR APPELLANTS ANDREW C. GELLENE AND DIRECT BENEFITS, LLC**<br><br>(Doc. No. 70) |

Presently before the Court is Andrew L. Jiranek and the law firm of Jiranek's motion to withdraw as counsel of record. (Doc. No. 70.) Appellants Direct Benefits, LLC and Andrew Gellene have no objection to the motion. (Doc. No. 72.) For the reasons explained in more detail below, the Court **GRANTS** the motion.

## DISCUSSION

The instant case is an appeal from the order entered in the bankruptcy proceeding pending as *In re Tac Financial, Inc*. (Doc. No. 1.) Jiranek was retained as counsel in connection with claims asserted against TAC Financial, Inc. (Doc. No. 70 at 3; Doc. No. 70-2 ¶ 3.) Jiranek states that during the course of representing Appellants, he became aware

1

of a conflict of interest in the simultaneous representation of the clients. (*Id.*; Doc. No. 70-2 ¶ 5.) This conflict arose out of claims by members in Direct Benefits that Andrew C. Gellene and another member, Tom Loftus, "had not followed corporate requirements and were not properly authorized to pursue the Claims . . . ." (Doc. No. 70-2 ¶ 5.) Additionally, Jiranek claims that he has obtained information that has led him to question his previously held belief that Andrew Gellene and Loftus are authorized representatives of Direct Benefits. (*Id.* ¶ 8.) Without making any comment on the statements made in Jiranek's motion, Alfred V. Gellene, the attorney for Appellants, filed a statement of non-opposition to Jiranek's request stating that he was discharged on April 2, 2018. (Doc. No. 72 at 1.)

"An attorney may not withdraw as counsel except by leave of court." *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992). "The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Kassab v. San Diego Police Dep't*, No. 07cv1071 WQH (WMc), 2008 WL 251935, at *1 (S.D. Cal. Jan. 29, 2008) (citation omitted). Moreover, the motion for leave to withdraw must be supported by "good cause." *Evolv Health, LLC v. Cosway USA, Inc.*, No. 2:16-cv-01602-ODW (ASx), 2017 WL 1534184, at *2 (C.D. Cal. Apr. 26, 2017) (citation omitted). In determining whether good cause is shown, courts have considered: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Beard v. Shuttermart of Cal., Inc.*, No. 07CV594 WQH (NLS), 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008) (citation omitted).

Pursuant to Civil Local Rule 83.3 "[a] notice of motion to withdraw as attorney of record must be served on the adverse party and on the moving attorney's client." CivLR 83.3.f.3.a. Additionally, a declaration "pertaining to such service must be filed." *Id.* at f.3.b. Moreover, under the California Code of Professional Conduct, permissive withdrawal is permitted if the client (1) "insists upon presenting a claim or defense that is not warranted under existing law . . . ."; (2) "seeks to pursue an illegal course of conduct"; (3) "by other

conduct renders it unreasonably difficult for the member to carry out the employment effectively"; or (4) "[t]he inability to work with co-counsel indicates that the best interests of the client likely will be served by withdrawal[.]" Cal. R. Prof. Conduct 3-700(c).

After reviewing the record and the reasons for withdrawal noted by Jiranek in his declaration, the Court concludes that there is good cause to grant Jiranek's motion. Not only is there a conflict of interest in further representation, but Jiranek has already been terminated by the persons purporting to represent Appellants. (Doc. No. 70 at 7; Doc. No. 72 at 1.) Moreover, Jiranek took all the appropriate steps to notify the other persons in the organization of his actions. (Doc. No. 70 at 7, 10; Doc. No. 72 at 1–2.) Accordingly, Andrew L. Jiranek's unopposed motion to withdraw as counsel for Appellants is **GRANTED**.[1] *See Hoffman v. United States*, No. 07cv0273 WQH (LSP), 2007 WL 3037463, at *1 (S.D. Cal. Oct. 16, 2007) (granting a motion to withdraw as counsel of record citing a conflict of interest and irreconcilable differences); *see also Castaneda v. Wells Fargo Home Mortg.*, No. 2:15-cv-08870-ODW-KS, 2016 WL 7444882, at *2 (C.D. Cal. Apr. 13, 2016) (holding that the "inability to represent a client is a compelling reason to withdraw as counsel.").

**IT IS SO ORDERED**.

Dated: June 6, 2018

Hon. Anthony J. Battaglia
United States District Judge

---

[1] The Court grants Jiranek's request without analyzing the various claims made in his motion and his assertion that Alfred V. Gellene committed a fraud upon the Court by making a misrepresentation in his response brief. (Doc. Nos. 70, 74.)